1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2    Name  Hobbs          Jeffrey        Kaye
           (Last)           (First)        (Initial)

3    Prisoner Number    F 45725

4    Institutional Address    ~~P O Box 10    Represa Ca 95718-0000~~

5    _Salinas State Prison P.O. Box 1050, Soledad, Ca 93960_

6    =================================================================

7                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8    Jeffrey Kaye Hobbs                    )
     (Enter the full name of plaintiff in this action.)   )
9                              CV    08              )     Case No. _____
                                                    )     (To be provided by the clerk of court)
10                    vs.                            )
                                                    )
11   STATE OF CALIFORNIA                             )     PETITION FOR A WRIT
                                                    )     OF HABEAS CORPUS
12   _____                  )
                                                    )
13   _____                  )
                                                    )
14   _____                  )
     (Enter the full name of respondent(s) or jailor in this action)  )
                                                    )
15   _____                  )

16   =================================================================
                  Read Comments Carefully Before Filling In

17   When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1    <u>Who to Name as Respondent</u>

2          You must name the person in whose actual custody you are.  This usually means the Warden or

3    jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5    respondents.

6          If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11        1.  What sentence are you challenging in this petition?

12           (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14                 <u>Santa Clara Superior Court    San Jose</u>

15                 Court                            Location

16           (b)    Case number, if known  <u>CC 507199</u>

17           (c)    Date and terms of sentence <u>10-02-06    14 YRS</u>

18           (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)        Yes <u>X</u>     No _____

20                 Where?

21                 Name of Institution:  <u>D. V. I</u>

22                 Address:  <u>P.O. Box 20  Tracy, Ca. 95378-0600</u>

23        2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   <u>245(A)(1)</u>

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS       - 2 -

3.  Did you have any of the following?

    Arraignment:                     Yes __X__    No _____

    Preliminary Hearing:            Yes __X__    No _____

    Motion to Suppress:             Yes __X__    No _____

4.  How did you plead?

    Guilty _____    Not Guilty __X__    Nolo Contendere _____

    Any other plea (specify) _____

5.  If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone_____    Judge alone on a transcript _____

6.  Did you testify at your trial?           Yes _____    No __X__

7.  Did you have an attorney at the following proceedings:

        (a)    Arraignment          Yes __X__    No _____

        (b)    Preliminary hearing    Yes __X__    No _____

        (c)    Time of plea         Yes __X__    No _____

        (d)    Trial             Yes __X__    No _____

        (e)    Sentencing          Yes __X__    No _____

        (f)    Appeal           Yes __X__    No _____

        (g)    Other post-conviction proceeding    Yes __X__    No _____

8.  Did you appeal your conviction?        Yes __X__    No _____

        (a)    If you did, to what court(s) did you appeal?

            Court of Appeal         Yes __X__    No _____

            Year: _2006_    Result: _Guilty_____

            Supreme Court of California    Yes __X__    No _____

            Year: _2007_    Result: _Guilty_____

            Any other court         Yes __X__    No _____

            Year: _07 - 08_    Result: _Guilty_____

        (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1          petition?                              Yes _X_      No_____

2     (c)  Was there an opinion?                  Yes _X_      No_____

3     (d)  Did you seek permission to file a late appeal under Rule 31(a)?

4                                                 Yes _____    No_X_

5          If you did, give the name of the court and the result:

6          _____ N/A _____

7          _____ N/A _____

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?        Yes _____    No_X_

10         [Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition.  You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15 U.S.C. §§ 2244(b).]

16    (a)  If you sought relief in any proceeding other than an appeal, answer the following·

17         questions for each proceeding.  Attach extra paper if you need more space.

18    I.   Name of Court: SIXTH APPELLATE DISTRICT CA.

19         Type of Proceeding: APPELLANT ARE VEIU

20         Grounds raised (Be brief but specific):

21         a. THE DENIAL OF APPELLANT'S REQUESTED

22         b. APPELLANT WAS PREJUDICED BY TRIAL COURT

23         c._____ N/A _____

24         d._____ N/A _____

25         Result: _____ AFFIRMED _____  Date of Result: June 7, 2007

26    II.  Name of Court: THE SUPERIOR COURT CALIFORNIA

27         Type of Proceeding: PETITION FOR REVIEW

28         Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1    a _Court of Appeal Apply an Incorrect Legal Standard_

2    b _Court of Appeal Improperly Impose A De Facto Rule_

3    c. _____

4    d. _____

5    Result: _Judgement is Affirmed_ Date of Result: _Feb. 23, 2008_

6    III.    Name of Court: _____

7    Type of Proceeding: _____

8    Grounds raised (Be brief but specific):

9    a. _____

10   b. _____

11   c. _____

12   d. _____

13   Result: _____ Date of Result: _____

14   IV.    Name of Court: _____

15   Type of Proceeding: _____

16   Grounds raised (Be brief but specific):

17   a. _____

18   b. _____

19   c. _____

20   d. _____

21   Result: _____ Date of Result: _____

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23   Yes _____    No _X_

24   Name and location of court: _____ N/A _____

25   B. GROUNDS FOR RELIEF

26   State briefly every reason that you believe you are being confined unlawfully. Give facts to

27   support each claim. For example, what legal right or privilege were you denied? What happened?

28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space.  Answer the same questions for each claim.

2      [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: WHETHER A TRIAL COURT MUST INSTRUCT THE JURY ON

6  SELF-DEFENSE WHERE IT "APPEARS THAT THE DEFENDANT IS RELYING
   ON SUCH A DEFENSE.

7  Supporting Facts: REVIEW AS TO THIS ISSUE SHOULD BE GRANTED TO SETTLE

8  THE IMPORTANT QUESTION OF WHETHER THE COURT OF APPEAL IN THIS

9  CASE, RELYING ON THE DECISION OF THE FOURTH DISTRICT OF

10 APPEAL IN PEOPLE V. DROPEZA (2007) 151 CAL. APP. 4th 73, 78,
   REVIEW DENIED AUGUST 29, 2007.

11 Claim Two: WHETHER A DEFENDANT MUST TESTIFY IN ORDER TO ESTA-

12 BLISH THAT HE HARBOR A "REASONABLE BELIEF" IN NEED TO USE SELF
   DEFENCE.

13 Supporting Facts: THE TRIAL COURT'S DECISION TO REMOVE THIS

14 ISSUE FROM THE JURY'S CONSIDERATION VIOLATED

15 APPELLANT'S RIGHT TO A TRIAL BY JURY UNDER THE

16 SIXTH AND FOURTEENTH AMENDMENTS TO THE US CONSTITUTION
   AND HIS RIGHT AGAINST SELF INCRIMINATION AS GUARANTEED BY THE FIFTH

17 Claim Three: _____

18 _____ N/A _____

19 Supporting Facts: _____ N/A _____

20 _____ N/A _____

21 _____ N/A _____

22 _____ N/A _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3   of these cases:

4   PEOPLE V. SEDENO (1974) 19 CAL. 3d 703 / O'SULLIVAN V.

5   BOERCKEL (1999) 526 U.S. 838, 845 (PEOPLE VS. BARTON (1995) 12

6   CAL. 4th 186, 195, 47 CAL. RPTR. 2d 569, 906 P. 2d 531.)

7   Do you have an attorney for this petition?              Yes_____        No_✗_

8   If you do, give the name and address of your attorney:

9   _____ NA _____

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on _____        _____

14                  Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

Supreme Court No. _____

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF
CALIFORNIA,

    Plaintiff and Respondent,

    vs.

JEFFREY HOBBS,

    Defendant and Appellant.

Case No. H030803

County of Santa Clara Superior Court
No. CC507199
(Hon. Sharon Chatman)

## PETITION FOR REVIEW

JEREMY D. BLANK
   (State Bar No. 172571)
1459 18th Street
No. 148
San Francisco, CA 94107
Tel.: (415) 710-2728
Fax: (415) 431-2728

Attorney for Appellant
JEFFREY HOBBS

By appointment of the Court of Appeal
in association with the Sixth District
Appellate Program

## **TABLE OF CONTENTS**

QUESTIONS PRESENTED FOR REVIEW ............................................................2

NECESSITY FOR REVIEW .............................................................................2

BRIEF IN SUPPORT OF REVIEW ....................................................................4

STATEMENT OF THE CASE AND FACTS .........................................................4

ARGUMENT.................................................................................................5

I.  BECAUSE IT IS CLEAR THAT THE DEFENSE WAS RELYING ON THE DEFENSE OF SELF-DEFENSE, APPELLANT WAS ENTITLED TO AN INSTRUCTION ON SELF-DEFENSE ..............................…. 5

    A.  The Court of Appeal Erred in Utilizing an Incorrect Legal Standard Regarding Appellant's Entitlement to an Instruction On Self-Defense ...................................................……... 6

        1.  The Defense Requested an Instruction on Self-Defense ........6

        2.  The Court of Appeal Applied an Incorrect Legal Standard in Determining Appellant's Entitlement to a Self-Defense Instruction ..........................................................…. 7

        3.  Defendant Was Entitled to an Instruction on Self-Defense .. 9

        4.  The Error in Denying Appellant's Requested Instruction On Self-Defense Was Not Harmless ...........................….. 12

    B.  The Court of Appeal Erred By Applying a *De Facto* Requirement That the Defendant Must Testify In Order to Justify the Giving of an Instruction on Self-Defense ............................ 15

CONCLUSION................................................................................19

CERTIFICATION ...........................................................................20

i

# TABLE OF AUTHORITIES

## Federal Cases

*Carella v. California* (1989) 491 U.S. 263 ...............................................13
*Chapman v. California* (1967) 386 U.S. 18 ...........................................13
*Conde v. Henry* (9th Cir. 1999) 198 F.3d 734 .......................................10
*Mathews v. United States* (1988) 485 U.S. 58 ........................................9
*O'Sullivan v. Boerckel* (1999) 526 U.S. 838...........................................3
*Tyson v. Trigg* (7th Cir. 1997) 50 F.3d 436 ...........................................10
*United States v. Escobar de Bright* (9th Cir. 1984) 742 F.2d 1196 ...........13, 14, 15
*United States v. Hicks* (4th Cir. 1984) 748 F.2d 854....................................9
*United States v. Lesina* (9th Cir. 1987) 833 F.2d 156 ................................14
*United States v. Ruiz* (11th Cir. 1995) 59 F.3d 1151..................................11
*United States v. Sarno* (9th Cir. 1995) 73 F.3d 1470 ................................13
*United States v. Sotelo-Murillo* (9th Cir. 1989) 887 F.2d 176 ...............14
*United States v. Wofford* (9th Cir. 1997) 122 F.3d 787.............................10
*Whipple v. Duckworth* (7th Cir. 1992) 957 F.2d 418 ...............................10

## State Cases

*People v. Abilez* (2007) 41 Cal. 4th 472 ..................................................8
*People v. Anderson* (1983) 144 Cal. App. 3d 55 ........................14, 16, 17
*People v. Barnett* (1998) 17 Cal. 4th 1044 .............................................11
*People v. Barton* (1995) 12 Cal. 4th 186...................................5, 6, 8, 10
*People v. Bohana* (2000) 84 Cal. App. 4th 360.......................................10
*People v. Boyer* (2006) 38 Cal. 4th 412 ....................................................7
*People v. Breverman* (1998) 19 Cal.4th 142 ............................................8
*People v. Castillo* (1987) 193 Cal. App. 3d 119.......................................16
*People v. Curtis* (1994) 30 Cal. App. 4th 1337 .......................................13
*People v. De Leon* (1992) 10 Cal. App. 4th 815 ......................................16
*People v. Hall* (1980) 28 Cal. 3d 143 ......................................................11
*People v. Montoya* (1994) 7 Cal.4th 1027................................................8
*People v. Neidinger* (2006) 40 Cal. 4th 67 ..............................................13
*People v. Oropeza* (2007) 151 Cal. App. 4th 73 ..............................2, 5, 8
*People v. Pineiro* (1982) 129 Cal. App. 3rd 915......................................13
*People v. Rivera* (1984) 157 Cal. App. 3d 736 .......................................14
*People v. Rogers* (2006) 39 Cal.4th 826...................................................8
*People v. Salas* (2006) 37 Cal. 4th 967 ..................................................12
*People v. San Nicolas* (2004) 34 Cal. 4th 614..........................................8
*People v. Sedeno* (1974) 19 Cal. 3d 703.............................................2, 7
*People v. Sengpadychith* (2001) 26 Cal. 4th 316 ..................................13

*People v. Viramontes* (2001) 93 Cal. App. 4th 1256........................................16
*People v. Wickersham* (1982) 32 Cal.3d 307 ...........................................10
*Rivas v. Ayala* (1962) 208 Cal. 3d 239 ..........................................17, 18

### Constitutional Provisions
U.S. Const., amend. V ......................................................................18
U.S. Const., amend. VI......................................................2, 10, 18
U.S. Const., amend. XIV ...............................................2, 10, 18

### State Rules of Court
Cal. Rule of Court 8.360(b)(1) ................................................19
Cal. Rule of Court 8.500.............................................................1
Cal. Rule of Court 8.508...........................................................3

### Jury Instructions
CALCRIM 3470 ..........................................................13, 17

Supreme Court No. _____

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case No. H030803 |
| Plaintiff and Respondent, | County of Santa Clara Superior Court No. CC507199 |
| vs. | (Hon. Sharon Chatman) |
| JEFFREY HOBBS, | |
| Defendant and Appellant. | |

## **PETITION FOR REVIEW**

TO:  THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Pursuant to California Rule of Court 8.500, JEFFREY HOBBS, Defendant

and Appellant, hereby petitions this Court for a review of the decision of the

California Court of Appeal, Sixth Appellate District, filed on December 5, 2007,

and not certified for publication. A copy of that opinion is attached as Exhibit A.

## QUESTIONS PRESENTED FOR REVIEW

I.      Did the Court of Appeal apply an incorrect legal standard in determining whether appellant was entitled to an instruction on self-defense?

II.     Did the Court of Appeal improperly impose a *de facto* rule in this case that a defendant must testify in order to justify the giving of a requested instruction on self-defense?

## NECESSITY FOR REVIEW

This petition presents two important questions of law having to do with common issues of state and federal constitutional dimension raised in the trial and appellate courts of this State.

### 1.    Whether a Trial Court Must Instruct the Jury on Self-Defense Where It "Appears that the Defendant Is Relying on Such a Defense."

Review as to this issue should be granted to settle the important question of whether the Court of Appeal in this case, relying on the decision of the Fourth District Court of Appeal in *People v. Oropeza* (2007) 151 Cal. App. 4th 73, 78, *review denied* August 29, 2007, misstated and misapplied this Court's decision in *People v. Sedeno* (1974) 19 Cal. 3d 703 and its progeny, in eliminating the requirement that a trial court must instruct *sua sponte* on defenses where "it appears that the defendant is relying on such a defense", thereby violating appellant's federal constitutional rights under the Sixth and Fourteenth Amendments to the U.S. Constitution.

2

Review is sought for the reasons explained in Part I.A of the Brief in Support of Review, and because the issue presented involves violations of Appellant's federal constitutional rights, for which Appellant must seek review by this Court as a prerequisite to preserving these claims for collateral federal review. (*See* Cal. Rule of Court 8.508; *O'Sullivan v. Boerckel* (1999) 526 U.S. 838, 845)

### 2.    Whether a Defendant Must Testify in Order to Establish That He Harbors a "Reasonable Belief" in the Need to Use Self-Defense

Review as to this issue should be granted to settle the important question of whether circumstances suggesting that a defendant reasonably believes in a need to utilize self-defense may be sufficient to establish a defendant's entitlement to a requested instruction on self-defense, even where the defendant does not testify, and percipient witnesses do not testify that the defendant "seemed afraid."

Review is sought for the reasons explained in Part I.B of the Brief in Support of Review, and because the issue presented involves violations of Appellant's federal constitutional rights, for which Appellant must seek review by this Court as a prerequisite to preserving these claims for collateral federal review. (*See* Cal. Rule of Court 8.508; *O'Sullivan v. Boerckel* (1999) 526 U.S. 838, 845)

## BRIEF IN SUPPORT OF REVIEW

### Statement of the Case and Facts

Except as otherwise noted herein, Appellant adopts the statement of the case and facts in the opinion of the Court of Appeal. (Slip Opn., attached as Exhibit A ("Exh. A") at 2-4)

Appellant believes that the Statement of Facts as recited by the Court of Appeal fails to adequately reflect the trial testimony as to the actions of the victim, Billy Cardoso, immediately prior to the assault charged.

After appellant physically withdrew from the confrontation with Cindy Rosengarten, got into his truck, and backed the truck out of the driveway, the opinion of the Court of Appeal reflects that Cardoso was "holding the [baseball] bat in his right hand, with it pointed toward the ground." (Exh. A at 3, *see also* Exh. A at 9) However, as reflected in Appellant's Opening Brief, Patrick Rollins, an off-duty officer with the California Highway Patrol and a disinterested percipient witness, testified at trial that as the truck was backing up, he noticed Cardoso "had a bat in his hand. Kind of shaking it like this."[1] (II Reporter's Transcript ("RT") at 372) While Cardoso himself testified that he was holding the bat facing the ground as the truck was backing up (II RT 393), this conflict in testimony was not recognized by the Court of Appeal.

---

[1]    The nature of such shaking was not described in the record.

4

# ARGUMENT

## I.   BECAUSE IT IS CLEAR THAT THE DEFENSE WAS RELYING ON THE DEFENSE OF SELF-DEFENSE, APPELLANT WAS ENTITLED TO AN INSTRUCTION ON SELF-DEFENSE

Appellant did not testify at trial, and no percipient witnesses to the alleged assault testified other than the victim and a neighbor. The Court of Appeal held that the defense's requested instructions on self-defense were properly denied by the trial court, because there was not "substantial evidence" as a matter of law that appellant "actually believed in the need to defend himself against imminent peril to life or great bodily injury that supported a claim of self-defense." (Exh. A at 9.)

The Court of Appeal applied a standard taken from *People v. Oropeza* (2007) 151 Cal. App. 4th 73, 78, *review denied* August 29, 2007, and held that the obligation of the trial court to instruct *sua sponte* on defenses arises only "when they are supported by substantial evidence. (*People v. Oropeza* (2007) 151 Cal. App. 4th 73, 78 (*Oropeza*) citing *People v. Barton* (1995) 12 Cal. 4th 186, 195.)" (Exh. A at 5.) In holding that the trial court properly denied the requested self-defense instruction based on the lack of substantial evidence supporting a claim of self-defense, the Court of Appeal relied on a number of factors:

1)   That appellant "did not testify and made no out-of-court statements . . . that indicated he believed it was necessary to use his . . . truck as a weapon to defend his life or avoid great bodily injury" (Exh. A at 8-9);

5

2)    That "no witness[] testified that defendant appeared fearful behind the wheel or that he drove the truck the way he did out of fear" (*ibid.*);

3)    That the victim of the assault did not testify that appellant "appeared to be afraid" prior to the assault (*ibid.*);

4)    That a police officer who contacted appellant by phone after the incident testified that appellant had not said that he was afraid of the victim, but rather "refused to cooperate with the police and told the officer the police would have to find him" (*ibid.*); and

5)    That "the aggressive manner in which [appellant] backed his truck out of the driveway and drove it in [the victim's] direction . . . suggest[ed] that [appellant] directed the truck at [the victim] as an act of aggression, not out of fear." (*Ibid.*)

A.    The Court of Appeal Erred in Utilizing an Incorrect Legal Standard Regarding Appellant's Entitlement to an Instruction On Self-Defense

1.    The Defense Requested an Instruction on Self-Defense

At the close of the prosecution's case-in-chief, but prior to the presentation of the defense case, defense counsel was questioned by the trial court on the question of whether it would be requesting an instruction on self-defense. (II RT 432.) Trial counsel replied that he was indeed requesting such an instruction, telling the court, "I believe that for [appellant] to have gotten out of his truck at that point and not driven away, then he is subjecting himself to potential harm.

6

There is an individual holding a bat, yelling profanities at him in an angry way.
[¶] I think the reasonable person . . . would not be in a position where he could
stop and get out, especially if this kid is standing in his way. He really has no
option, other than to move forward." (II RT 433.) Counsel later elaborated,
"The situation is, if he is going to get out of his truck or stay in the area, he is
going to risk harm from Mr. Cardoso, who is standing there in a threatening
manner with a bat." (II RT 435.)

After a recess, during which trial counsel told the court he would brief the
issue of appellant's entitlement to a self-defense instruction (II RT 435-436), but
apparently did not, the trial court denied appellant's request for such an
instruction. (II RT 606-607) Trial counsel then presented the defense case (II RT
612-624), and made no further request for a self-defense instruction.

2.    The Court of Appeal Applied an Incorrect Legal Standard in
      Determining Appellant's Entitlement to a Self-Defense
      Instruction

The Court of Appeal, in relying upon the above language from *Oropeza*,
applied an incorrect legal standard. This Court has long held that a trial court must
instruct *sua sponte* on any defenses, including self-defense, where "***it appears that
the defendant is relying on such a defense, or*** if there is substantial evidence
supportive of such a defense and the defense is not inconsistent with the
defendant's theory of the case." (*People v. Boyer* (2006) 38 Cal. 4th 412, 469
(emphasis supplied), *quoting People v. Sedeno* (1974) 19 Cal. 3d 703, 716; *see*

7

*also People v. Abilez* (2007) 41 Cal. 4th 472, 517 [same]; *People v. San Nicolas*

(2004) 34 Cal. 4th 614, 669 [same]; *People v. Breverman* (1998) 19 Cal.4th 142,

157 [same].)

Instead, the Court of Appeal relied on *Oropeza, supra,* and the following

language from the *Oropeza* court's holding:

> The trial court must instruct the jury on all general principles
> of law relevant to the issues raised by the evidence, whether or not
> the defendant makes a formal request. This obligation requires
> instructions on lesser included offenses if there is substantial
> evidence that, if accepted by the trier of fact, would absolve the
> defendant of guilt of the greater offense but not of the lesser. (*People
> v. Rogers* (2006) 39 Cal.4th 826, 866-867, 48 Cal.Rptr.3d 1, 141
> P.3d 135.) ***The obligation also applies, with reservations not
> applicable here, to instruction on defenses when they are
> supported by substantial evidence.*** (*People v. Barton* (1995) 12
> Cal.4th 186, 195, 47 Cal.Rptr.2d 569, 906 P.2d 531.)

(*Oropeza,* 151 Cal. App. 4th at 656-657 (emphasis supplied).)

However, the source cited by the *Oropeza* court for this standard, *People v.*

*Barton* (1995) 12 Cal.4th 186, 195, cites a different, but correct, legal standard:

"[A] trial court's duty to instruct, sua sponte, or on its own initiative, on particular

defenses is more limited, arising 'only if it appears that the defendant is relying on

such a defense, or if there is substantial evidence supportive of such a defense and

the defense is not inconsistent with the defendant's theory of the case.' (*Sedeno,*

*supra,* 10 Cal. 3d at p. 716; see also *People v. Montoya* (1994) 7 Cal. 4th 1027,

1047 [].)" (*Barton,* 12 Cal. 4th at 195.)  Nothing in *Barton,* or in this Court's

subsequent jurisprudence, suggests that a trial court may properly reject an

8

instruction as to a defense where the defendant is relying on such a defense, or that a trial court may utilize the "substantial evidence" test to deny an instruction in such a case.

The Court of Appeal's decision in the instant case makes it clear that it rested upon the incomplete standard articulated in *Oropeza*, and thereby considered only the second prong of the standard articulated in *Sedeno*. (Exh. A at 5.) Having dispensed with the obligation to instruct on defenses where "it appears that the defendant is relying on such a defense", the Court of Appeal found no error in the failure to so instruct, since in its view, there was "no substantial evidence that defendant actually believed in the need to defend himself against imminent peril to life or great bodily injury . . ." (Exh. A at 9.)

3.    Defendant Was Entitled to an Instruction on Self-Defense

The Sixth Amendment and the Due Process Clause of the Fourteenth Amendment guarantee criminal defendants a right to present a defense, and therefore a right to a requested instruction on the defense theory of the case where there is evidence sufficient for a reasonable jury to find in his favor. (*Mathews v. United States* (1988) 485 U.S. 58, 63 ["As a general proposition [,] a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."]; *see also United States v. Hicks* (4th Cir. 1984) 748 F.2d 854, 857-858 [rights to trial by jury and due process abridged by failure to give requested instruction on defense theory of

9

the case].) Thus, refusal to give an instruction on the defense theory infringes Sixth and Fourteenth Amendment guarantees, because it prevents the jury from considering defense evidence and from making findings of fact necessary to establish guilt. (*Whipple v. Duckworth* (7th Cir. 1992) 957 F.2d 418, 423.)

The constitutional right to present a defense would be empty if it did not entail the further right to an instruction that allowed the jury to consider the defense. (*Tyson v. Trigg* (7th Cir. 1997) 50 F.3d 436, 448.) In addition, where defense counsel has requested the defense instruction and demonstrated that he is prepared to argue self-defense to the jury, an erroneous failure to instruct on the defense theory violates a defendant's right to effective assistance of counsel and closing argument. (*Conde v. Henry* (9th Cir. 1999) 198 F.3d 734.)

The question is not whether the trial court believes the evidence underlying the defense, but whether a jury composed of reasonable people could find the facts underlying the instruction exist. (*People v. Wickersham* (1982) 32 Cal.3d 307, 324, *overruled on another ground in People v. Barton* (1995) 12 Cal.4th 186, 200-201.) Also, a defendant is "entitled to instruction relating to a theory of defense for which there is *any* foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." (*United States v. Wofford* (9th Cir. 1997) 122 F.3d 787, 789.) When a defense is one that negates proof of an element of the charged offense, the defendant need only raise a reasonable doubt. (*People v. Bohana* (2000) 84 Cal. App. 4th 360, 370.) "[I]t is

10

error to refuse to give an instruction requested by a defendant which directs attention to evidence from which a reasonable doubt of guilt could be engendered." (*People v. Hall* (1980) 28 Cal. 3d 143, 159 [internal quotation marks omitted].)

Moreover, the evidence at trial must be viewed in the light most favorable to the accused. (*People v. Barnett* (1998) 17 Cal. 4th 1044, 1145 ["Doubts as to the sufficiency of the evidence [to justify the giving of a defense requested instruction] should be resolved in the accused's favor."]; *accord United States v. Ruiz* (11th Cir. 1995) 59 F.3d 1151, 1154.) When the evidence viewed in the light most favorable to the accused supports a claimed defense, the court should instruct the jury as to the defense and must do so when requested. (*Ruiz*, 59 F.3d at 1154.)

In this case, the prosecution's own evidence established that after appellant, a handicapped individual who generally used a wheelchair or cane to move around (III RT 608, 614, 618-618, 624), physically withdrew from the minimal physical confrontation with Cindy Rosengarten, Billy Cardoso, a "strapping teenage boy" who appellant knew had previously vandalized his truck (II RT 322, 396.), continued advancing toward appellant, carrying a baseball bat and yelling, "Leave her alone, you fucking asshole." (II RT 389, 400.) After appellant got in his truck and backed out of the driveway, Cardoso stood in the street eight feet in front of appellant's truck (II RT 394), and shook the bat at appellant (II RT 372), while

11

yelling in a loud and angry voice, "Get out of the fucking truck." (II RT 395, 401-402.)

Under the circumstances presented by this case, substantial evidence did exist that appellant had a reasonable belief that an armed and hostile assailant, who stood in the path of his truck as appellant was trying to flee to avoid further physical confrontation, and who demanded that appellant leave the relative safety of his truck and confront Cardoso unarmed, created the need for appellant to defend himself against imminent peril to his life and limb, and that appellant drove his truck forward in order to defend himself from that peril.

More to the point, however, it was clear at the time the trial court denied appellant his requested instruction on self-defense that appellant intended to rely on self-defense as his defense at trial. As such, under *Sedeno* and its progeny, appellant was entitled to an instruction on self-defense, and was constitutionally entitled to have the jury, not the judge, decide the question of whether appellant actually and reasonably believed in the need to defend himself against the imminent peril presented by Cardoso's armed advance.

4.    The Error in Denying Appellant's Requested Instruction on Self-Defense Was Not Harmless

As Appellant pointed out in his Reply Brief in the Court of Appeal (Reply Brief at 8-11), this Court has recently noted, "We have not yet determined what test of prejudice applies to the failure to instruct on an affirmative defense. [Citation]" (*People v. Salas* (2006) 37 Cal. 4th 967, 984.) However, self-defense

12

is not an affirmative defense.  Under California law, once self-defense is properly raised by the defendant, the prosecution must prove the absence of the justification beyond a reasonable doubt.  (CALCRIM 3470; *People v. Pineiro* (1982) 129 Cal. App. 3rd 915, 920.)  This stands in marked contrast to a traditional affirmative defense, which a defendant is required to raise and prove.  (*See, e.g., People v. Neidinger* (2006) 40 Cal. 4th 67, 75; *People v. Curtis* (1994) 30 Cal. App. 4th 1337, 1353 ["lack of justification or excuse has been called 'a negative rather than an affirmative element' of the crime.  [Citation]".)  Because lack of justification is a "negative element" of the crime of assault, the omission of an instruction on self-defense lessens the prosecution's burden of proof, and is properly reviewed under the test articulated in *Chapman v. California* (1967) 386 U.S. 18, 24.  (*See Carella v. California* (1989) 491 U.S. 263, 270; *People v. Sengpadychith* (2001) 26 Cal. 4th 316, 326.)

Moreover, the Ninth Circuit Court of Appeals has consistently held that if a defendant's theory of the case is supported by the law, and if there is *some* foundation for the theory in the evidence, the failure to give the defendant's proposed jury instruction concerning his or her theory is *per se* "reversible error" not subject to harmless error analysis.  (*United States v. Sarno* (9th Cir. 1995) 73 F.3d 1470, 1485 ["It is settled law that a defendant is entitled to have the judge instruct the jury on his theory of the case, provided that it is supported by law and has some foundation in the evidence.  A failure to instruct a jury upon a legally

13

and factually cognizable defense is not subject to harmless error analysis."];

*United States v. Escobar de Bright* (9th Cir. 1984) 742 F.2d 1196, 1201; *accord*

*United States v. Lesina* (9th Cir. 1987) 833 F.2d 156, 159-160; *United States v.*

*Sotelo-Murillo* (9th Cir. 1989) 887 F.2d 176, 178-179.)

California courts have held that the failure to give an instruction upon a

defense presented by substantial evidence is harmless only when the omitted issue

is decided adversely to the defendant by the jury "in another context." (*People v.*

*Rivera* (1984) 157 Cal. App. 3d 736, 743; *see also People v. Anderson* (1983) 144

Cal. App. 3d 55, 63 [appellate court cannot cure a trial court's error in failing to

instruct on a defense by weighing the evidence].) Since the omitted issue was

obviously not decided adversely to appellant by the jury in another context,

appellant's conviction must be reversed. (*People v. Humphrey, supra,* 13 Cal. 4th

at 1089-1090 [reversal was required for exclusion of self-defense evidence,

"[a]lthough we do not know what weight the jury would have given the expert

testimony."]; *People v. Rivera, supra,* 157 Cal. App. 3d at 743; *United States v.*

*Escobar de Bright, supra,* 742 F.2d at 1201.)

The refusal of the trial court to give appellant's requested instruction on

self-defense, prior to the defense case and closing argument, left trial counsel in a

position where he could argue to the jury only that appellant did not intend to hit

Cardoso when he drove his truck forward. (III RT 658-659.) A reasonable juror,

properly instructed, could well have concluded under these circumstances that

14

appellant acted reasonably in driving his truck forward toward Cardoso, in order to

prevent Cardoso from continuing the armed threat he posed to appellant. The

error asserted herein was not harmless.

B.    The Court of Appeal Erred By Applying a *De Facto* Requirement
      That the Defendant Must Testify In Order to Justify the Giving of an
      Instruction on Self-Defense

The second error in the Court of Appeal's decision lay in its *de facto*

insistence that appellant needed to testify in order to establish the "subjective

element" of self-defense. Appellant having asserted his right against self-

incrimination by declining to testify at trial, the only percipient witnesses who

testified at trial were Officer Patrick Rollins and victim Billy Cardoso.

As noted *supra*, the prosecution's own evidence established that appellant

had withdrawn from the physical confrontation with Rosengarten, when he was

confronted with a younger, more able, and armed opponent, whom he knew

harbored animus toward him, who showed little interest in the fact that appellant

had withdrawn from the prior confrontation, and who demanded that appellant

leave his truck and confront him unarmed, prior to the commission of the assault.

The Court of Appeal began its analysis by noting that "[appellant] did not

testify and made no out-of-court statements that were in evidence that indicated he

believed it was necessary to use his Ford F-150 pickup truck as a weapon to

defend his life or avoid great bodily injury." (Exh. A at 8-9.) The court then cited

the factors set forth *supra* at pp. 5-6 to conclude that "no substantial evidence

15

[was presented] that [appellant] actually believed in the need to defend himself ..." (Exh. A at 9.)

However, it is settled law that a defendant need not testify in order to justify the giving of a self-defense instruction. (*People v. Viramontes* (2001) 93 Cal. App. 4th 1256, 1262; *People v. De Leon* (1992) 10 Cal. App. 4th 815, 824, *citing People v. Castillo* (1987) 193 Cal. App. 3d 119, 126 *and People v. Anderson* (1983) 144 Cal. App. 3d 55, 62.) This line of authority, cited in Appellant's Opening Brief at 12 but not mentioned by the Court of Appeal in its decision, makes clear that *all* evidence before the trial court must be considered in determining whether a given defendant harbors a subjective belief in his need to defend himself against a threat.

Apart and aside from the fact that appellant did not testify at trial, the factors cited by the Court of Appeal all go to the fact that prosecution witnesses believed appellant's demeanor was suggestive of anger, rather than of fear. (*See* Exh. A at 9 ["No witness testified that [appellant] appeared fearful behind the wheel or that he drove the truck the way he did out of fear."]; *ibid.* ["[Appellant, in a telephone statement to an officer after the incident] refused to cooperate with the police and told the officer the police would have to find him. These were hardly the responses of someone who was afraid."]; *ibid.* ["Officer Livingston testified that [appellant] was crying and agitated on the phone but did not say [appellant]

16

was afraid."]; *ibid.* ["[Victim] Cardoso did not say [appellant] appeared to be afraid."].)

However, there is no legal requirement that a defendant actually be afraid, or show by his demeanor that he is afraid, to justify an instruction on self-defense. CALCRIM 3470 requires only that a defendant "[1.] reasonably believed that he . . . was imminent danger of suffering bodily injury [or was in imminent danger of being touched unlawfully]; [¶] 2. [] reasonably believed that the immediate use of force was necessary to defend against that danger; [¶] and [¶] 3. [] used no more force than was reasonably necessary to defend against that danger." (*Id.*; *see also* Exh. A at 6 n.3.) Nothing in that instruction goes to the question of what the proper reaction or demeanor of that defendant must be in order to justify the instruction or invoke the defense.

An assault that is unprovoked, as here, might evoke a panoply of disparate reactions in the person assaulted – fear, anger, sadness, anxiety, perhaps even mild amusement at the temerity of the assailant. Moreover, even if a defendant's subjective reaction is one of fear, that fear may appear on his countenance or by his words as a different emotion altogether. Certainly a reasonable juror could so conclude. (*See Rivas v. Ayala* (1962) 208 Cal. 3d 239, 242 [testimony that defendant was not "afraid" but "felt it necessary to protect himself from a knife attack" sufficient to invoke self-defense].)

17

However, by pointing to the absence of evidence that appellant was "afraid" in upholding the denial of the instruction, the Court of Appeal imposed a *de facto* rule that appellant needed to testify he harbored a subjective belief in the need for self-defense, in order to counter the evidence that he did not appear "afraid" and thus justify the giving of the instruction. This *de facto* rule is tantamount to an abrogation of the rule that a defendant need not testify in order to justify the giving of a self-defense instruction, as noted *supra*. Notwithstanding the evidence that appellant did not "appear afraid" of the advancing, armed and threatening Cardoso, appellant was entitled to have the jury decide whether or not he harbored a reasonable belief in his need to utilize self-defense. The trial court's decision to remove this issue from the jury's consideration violated appellant's right to a trial by jury under the Sixth and Fourteenth Amendments to the U.S. Constitution, and his right against self-incrimination as guaranteed by the Fifth Amendment.

18

## CONCLUSION

For all of the foregoing reasons, this Court should grant review to reverse the verdict and judgment as to Count One, and remand the matter to the trial court for a new trial on that count.

Dated: January 14, 2008

Respectfully submitted,

Jeremy D. Blank
Counsel for Defendant and Appellant
JEFFREY HOBBS

By appointment of the Court of Appeal
in association with the Sixth District
Appellate Program

19

## CERTIFICATION

I, JEREMY D. BLANK, hereby certify:

I am an attorney admitted to practice law in the State of California.  I represent Defendant and Appellant Jeffrey Hobbs in *People of the State of California v. Jeffrey Hobbs.*

Pursuant to California Rule of Court 8.360(b)(1), I hereby certify that the Petition for Review in this matter contains 4,319 words, inclusive of footnotes.  I have relied on the word count feature of Microsoft Word 2003, the computer program used to author this brief, for this certification.

Executed under penalty of perjury this 14th day of January, 2008, at San Francisco, California.



# EXHIBIT "A"

Filed 12/5/07  P. v. Hobbs CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H030803 |
| Plaintiff and Respondent, | (Santa Clara County |
| | Super. Ct. No. CC507199) |
| v. | |
| JEFFREY HOBBS, | |
| Defendant and Appellant. | |

Defendant Jeffrey Hobbs was convicted by jury of one count of felony assault with a deadly weapon against Billy Cardoso (Pen. Code, § 245, subd. (a)(1))[1] and one count of misdemeanor battery (§§ 242/243, subd. (a)) against Cindy Rosengarten.  In a bifurcated proceeding, the court found true enhancement allegations that defendant had suffered two prior convictions under the Three Strikes law (§§ 667. subds. (b)-(i); 1170.12), two prior serious felony convictions (§ 667, subd. (a)), and one prior prison term (§ 667.5, subd. (b)).

At sentencing, the court granted defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike his strike priors.  The court

---

[1]  All further statutory references are to the Penal Code unless otherwise stated.

imposed the three-year midterm on the assault with a deadly weapon count, plus 10 years for the two prior serious felony convictions and one year for the prison prior, for a total term of 14 years in state prison. The court sentenced defendant to 90 days in jail on the misdemeanor battery count and held that defendant had already satisfied that sentence.

On appeal, defendant contends the trial court erred when it refused his request to instruct the jury regarding self-defense. We conclude there was insufficient evidence to support giving a self-defense instruction and affirm the judgment.

FACTS

*Prosecution*

Around 7:00 p.m. on September 4, 2005, Tanya Rollins heard a woman screaming "Help" from across the street. Rollins stepped outside and saw defendant and Cindy Rosengarten, his live-in caregiver, fighting over an object that looked like a stick. They were standing in front of defendant's pick-up truck, which was parked in the driveway of his home.

Rollins' husband, Patrick Rollins (Patrick),[2] heard Rosengarten screaming "Leave me alone," and "Help." He walked outside to find out what was happening and heard Rosengarten scream, "Let me go." He saw defendant holding onto Rosengarten with one arm around her waist and his hand raised. Defendant was up against the driver's side door of the pick-up truck; Rosengarten was in front of him with her back to him. Defendant was leaning on her back with his weight on top of her. Patrick could not recall whether defendant had an object in his hand.

Patrick told his wife to go inside the house. As Tanya went inside, she yelled that she was going to call the police. Patrick followed her inside, got the phone, dialed 911,

---

[2] For ease of reference, we shall hereafter refer to the Rollinses by their first names.

and walked back outside. When he returned, defendant was still holding onto Rosengarten and she was struggling to get free.

Sixteen-year-old Billy Cardoso lived next door to the Rollinses. He was outside washing his mother's car when he heard Rosengarten screaming, "Help. This guy is crazy." He looked up and saw defendant poking Rosengarten with his cane, "pushing it at her hard." According to Cardoso, Rosengarten was on the ground and defendant was standing.

Cardoso ran inside his house and told his mother to call 911. He ran into his room, got a baseball bat, and went back outside. He grabbed the bat to protect himself because defendant had a cane and was already hitting someone with it. Cardoso had also heard about a prior incident when defendant hit someone with a candle with "glass on it." Cardoso ran across the street toward defendant's house. He said something to the effect of, "Leave her alone you fucking asshole."

As Cardoso approached defendant's driveway, he saw defendant get into his Ford F-150 pick-up truck. Defendant started the truck, put it into reverse and "started burning out" of the driveway. According to Cardoso, the tires were spinning and screeching and could not get traction. Cardoso saw smoke come off the tires and defendant left a 20- to 25-foot long skid mark in the driveway. When the truck started backing up, Cardoso was standing on the curb between some shrubs that were in the planting strip in front of defendant's house. As the truck backed out, Cardoso stepped into the street, closer to the corner, about two feet from the curb. He was holding the bat in his right hand, with it pointed toward the ground. He looked at the truck and made eye contact with defendant. Cardoso was yelling at defendant in a loud, angry voice. He thinks he told defendant to "get out of the fucking truck."

Defendant put the truck in drive and headed right at Cardoso at a high rate of speed. Cardoso estimated the truck was eight feet in front of him when it started moving forward. Defendant turned right at the corner, without stopping at the stop sign. Cardoso

3

had to jump onto the curb to avoid being run over by the truck. If he had not moved, the truck would have hit him. Patrick corroborated Cardoso's testimony that he had to jump onto the curb to avoid being hit by defendant and testified that defendant drove through the spot where Cardoso had been standing. On cross-examination, Cardoso testified that on a prior occasion he had accidentally shot defendant's truck with a paint ball gun and that he believed defendant knew about it.

Campbell Police Officer David Livingston arrived after defendant had left. Rosengarten was crying, visibly shaking, and very upset. As he spoke to Rosengarten, her cell phone rang. It was defendant. Defendant told the officer, "If I would have caught the guy with the bat, I'll tear [sic] his fucking head off." Defendant sounded very upset and agitated and alternated between crying and anger. The officer asked defendant to return so he could speak with him. Defendant responded, "Fuck you. I'm not coming back. You're going to have to find me."

**Defense Case**

Bret Erickson, co-owner of the paving company where defendant worked, testified that defendant has open wounds and blisters on his right leg and gets around the office in a wheelchair or with a cane. Defendant does not have mobility in his ankle and uses his entire leg when he drives to operate the accelerator or apply the brakes. Consequently, his acceleration when driving the truck is abrupt and heavy-footed. Defendant did not testify.

In closing, defendant argued that as he was trying to get into the truck, he fell over and had to put his weight on Rosengarten. He decided to get into his truck and leave to avoid further confrontation with her. Defendant argued that when Cardoso was standing on the curb with a bat, yelling obscenities at defendant, defendant did the "reasonable" thing and left.

4

## DISCUSSION

Defendant contends the trial court erred prejudicially when it refused his request to instruct the jury on self-defense. The Attorney General argues that the court did not err because there was no factual support for the instruction and that even if there was error, it was harmless.

The trial court must instruct the jury on all general principles of law relevant to the issues raised by the evidence, whether or not the defendant makes a formal request. This obligation requires instructions on defenses, with reservations not applicable here, when they are supported by substantial evidence. (*People v. Oropeza* (2007) 151 Cal.App.4th 73, 78 (*Oropeza*) citing *People v. Barton* (1995) 12 Cal.4th 186, 195.)

In this context, substantial evidence means evidence that is sufficient to deserve consideration by the jury and from which a jury composed of reasonable persons could conclude that the particular facts supporting the instruction existed. The trial court is not required to instruct on defense theories the jury could not reasonably find to exist. (*Oropeza, supra,* 151 Cal.App.4th at p. 78, citing *People v. Wickersham* (1982) 32 Cal.3d 307, 324, disapproved of on other grounds in *People v. Barton, supra,* 12 Cal.4th at pp. 200-201.) "Although a trial court should not measure the substantiality of the evidence by undertaking to weigh the credibility of the witnesses, the court need not give the requested instruction where the supporting evidence is minimal and insubstantial. Doubts as to the sufficiency of the evidence should be resolved in the accused's favor." (*People v. Barnett* (1998) 17 Cal.4th 1044, 1145, fn. omitted.)

On appeal, we review the question whether the trial court erred in failing to instruct on the defendant's defenses de novo. (*Oropeza, supra,* 151 Cal.App.4th at p. 78, citing *People v. Waidla* (2000) 22 Cal.4th 690, 739.)

At trial, defense counsel asked the court to instruct the jury on self-defense. Defense counsel requested the "one basic one," which the parties agree referred to the

Judicial Council of California Criminal Jury Instructions (2006) CALCRIM No. 3470.[3]
The court asked defense counsel what the evidence was that entitled defendant to a self-
defense instruction. Defense counsel argued that because of defendant's disabled leg, he
would have been subjecting himself to potential harm if he had gotten out of the truck

---

[3] CALCRIM No. 3470 provides in relevant part: "Self-defense is a defense to
[assault with a deadly weapon]. The defendant is not guilty of [that crime] if [he] used
force against the other person in lawful self-defense . . . . The defendant acted in lawful
self-defense if: [¶] 1. The defendant reasonably believed that he . . . was in imminent
danger of suffering bodily injury [or was in imminent danger of being touched
unlawfully]; [¶] 2. The defendant reasonably believed that the immediate use of force
was necessary to defend against that danger; [¶] AND [¶] 3. The defendant used no
more force than was reasonably necessary to defend against that danger. [¶] Belief in
future harm is not sufficient, no matter how great or how likely the harm is believed to
be. The defendant must have believed there was imminent danger of violence to
[himself]. Defendant's belief must have been reasonable and [he] must have acted
because of that belief. The defendant is only entitled to use that amount of force that a
reasonable person would believe is necessary in the same situation. If the defendant used
more force than was reasonable, the defendant did not act in lawful self-defense . . . . [¶]
When deciding whether the defendant's beliefs were reasonable, consider all the
circumstances as they were known to and appeared to the defendant and consider what a
reasonable person in a similar situation with similar knowledge would have believed. If
the defendant's beliefs were reasonable, the danger does not need to have actually
existed. [¶] The defendant's belief that [he] was threatened may be reasonable even if
[he] relied on information that was not true. However, the defendant must actually and
reasonably have believed that the information was true. [¶] If you find that [Cardoso]
threatened or harmed the defendant [or others] in the past, you may consider that
information in deciding whether the defendant's conduct and beliefs were reasonable. [¶]
If you find that the defendant knew that [Cardoso] had threatened or harmed others in the
past, you may consider that information in deciding whether the defendant's conduct and
beliefs were reasonable. [¶] [ Someone who has been threatened or harmed by a person
in the past is justified in acting more quickly or taking greater self-defense measures
against that person.] [¶] [A defendant is not required to retreat. He . . . is entitled to
stand his . . . ground and defend himself . . . and, if reasonably necessary, to pursue an
assailant until the danger of [bodily injury] has passed. This is so even if safety could
have been achieved by retreating. [¶] The People have the burden of proving beyond a
reasonable doubt that the defendant did not act in lawful self-defense . . . . If the People
have not met this burden, you must find the defendant not guilty of [assault with a deadly
weapon]."

and not driven away. He argued that Cardoso was holding a bat and yelling profanities at defendant in an angry way.

The prosecutor argued there was no evidence that defendant thought he was in immediate peril. No one had testified that defendant felt threatened and defendant had not testified that he thought he was in danger. The prosecutor also argued that one cannot fire a bat and defendant could have driven the other way. The court asked, "[H]ow is he defending himself?" and observed that Cardoso was outside the truck and defendant was inside the truck and had the ability to drive wherever he wanted. The court stated, "I'm not aware of any instruction that says that if there is a confrontation, you then avoid the confrontation by driving off and that's self-defense." Defense counsel stated there was a case on point and asked for an opportunity to brief the case. The court gave counsel an opportunity to brief the case.

When the court took up the issue the following morning, there was no mention of the case or any argument on the issue. The only reference to self-defense instructions came when the court struck the self-defense language in CALCRIM Nos. 875 (Assault With a Deadly Weapon) and 915 (Simple Assault) and removed CALCRIM Nos. 3470 (Right to Self-Defense) and 3472 (Right to Self-Defense: May Not Be Contrived) from the packet of jury instructions.[4]

Defendant argues there was ample evidence that supported giving a self-defense instruction and that he was denied his constitutional right to present a defense. We begin by reviewing the elements of self-defense.

---

[4] When the court instructed the jury, it did not read the self-defense language in CALCRIM No. 960 (Simple Battery), the instruction on the battery count against Rosengarten. However, the court neglected to strike the self-defense language from the written instruction that was given to the jury. The court's oversight is of no consequence, since defendant does not challenge the instructions on the battery count and the reference to self-defense in CALCRIM No. 960 is limited.

7

" 'To justify an act of self-defense for [an assault charge under ... section 245], the defendant must have an honest *and reasonable* belief that bodily injury is about to be inflicted on him.' " (*People v. Minifie* (1996) 13 Cal.4th 1055, 1064.) The subjective elements of self-defense require that the defendant must actually believe in the need to defend himself against imminent peril to life or great bodily injury. To require instruction on the theory of self-defense, there must be evidence from which the jury could find that appellant actually had such a belief. (*Oropeza, supra*, 151 Cal.App.4th at p. 82, citing *People v. Viramontes* (2001) 93 Cal.App.4th 1256, 1262.)

The threat of bodily injury must be imminent and any right of self-defense is limited to the use of such force as is reasonable under the circumstances. (*People v. Minifie, supra*, 13 Cal.4th at p. 1064.) The right of self defense does not extend beyond the time of real or apparent danger. (*People v. Pinholster* (1992) 1 Cal.4th 865, 966.)

We first examine the evidence regarding the subjective element of the defense, whether there was evidence from which the jury could find that appellant actually believed in the need to defend himself against imminent peril to life or great bodily injury. (*Oropeza, supra*, 151 Cal.App.4th at p. 82.) Defendant argues that a jury could have found that he "reasonably believed he was in danger from the advancing . . . Cardoso." Defendant asserts he saw Cardoso shouting profanities at him while running across the street with a bat. Defendant argues that he immediately got into his truck and that after he started the truck, Cardoso stood in his path yelling and cursing and waving the bat. There was evidence that Cardoso had previously vandalized defendant's truck by shooting a paintball at it. Defendant argues that the jury could have inferred that this act of vandalism caused defendant to fear Cardoso. Defendant also argues that the jury could have concluded that defendant reasonably believed he was in danger since his mobility was impaired due to his disability.

We begin by noting that defendant did not testify and made no out-of-court statements that were in evidence that indicated he believed it was necessary to use his

8

Ford F-150 pick-up truck as a weapon to defend his life or avoid great bodily injury. No witnesses testified that defendant appeared fearful behind the wheel or that he drove his truck the way he did out of fear. When defendant spoke with Officer Livingston, he did not say he was afraid of Cardoso. Instead, he said, "If I would have caught the guy with the bat, I'll tear [*sic*] his fucking head off." He also refused to cooperate with the police and told the officer the police would have to find him. These were hardly the responses of someone who was afraid. Officer Livingston testified that defendant was crying and agitated on the phone but did not say defendant was afraid. Cardoso testified that he made eye contact with defendant as defendant started driving forward toward Cardoso. However, Cardoso did not say defendant appeared to be afraid. When defendant started backing his truck out of the driveway, Cardoso was standing in a small gap between the juniper shrubs on the sidewalk in front of his house. He was not advancing on the truck and hardly presented a threat to defendant at that point. The aggressive manner in which defendant backed his truck out of the driveway and drove it in Cardoso's direction, as well as his comments to Officer Livingston suggest that defendant directed the truck at Cardoso as an act of aggression, not out of fear. (See *Oropeza, supra*, 151 Cal.App.4th at p. 82.)

Defendant argues that he used no more force than was necessary to defend against the danger that Cardoso presented. Cardoso held the bat downward, "facing the ground." Defendant was already safely inside the truck and had a number of escape routes available to him when he drove the truck at Cardoso. There was no reason to drive directly where Cardoso was standing. He could have turned right without getting so close to Cardoso that Cardoso was required to jump up onto the curb to avoid being hit.

On this record, we conclude there was no substantial evidence that defendant actually believed in the need to defend himself against imminent peril to life or great bodily injury that supported a claim of self-defense. We therefore conclude the trial court did not err when it refused defendant's request for a self-defense instruction.

9

**DISPOSITION**

The judgment is affirmed.

_____

McAdams, J.

WE CONCUR:


_____

Bamattre-Manoukian, Acting P.J.



_____

Duffy, J.

10

## PROOF OF SERVICE

I, Jeremy D. Blank, am over the age of eighteen years and not a party to

this action.  My business address is 1459 18th St. # 148, San Francisco, California

94107.  On the date entered below, I served the within

### PETITION FOR REVIEW

on all interested parties to this action, by serving via U.S. Mail, first-class, postage

prepaid, a true and correct copy thereof on:

| | |
|---|---|
| Jeffrey Hobbs<br>CDC # F-45725<br>Deuel Vocational Institution<br>P.O. Box 600<br>Tracy, CA 95378-0600 | Court of Appeal<br>Sixth Appellate District<br>333 West Santa Clara Street<br>Suite 1060<br>San Jose, CA 95113 |
| Edmund G. Brown, Jr.<br>Attorney General of the State of<br>California<br>455 Golden Gate Avenue<br>Room 11000<br>San Francisco, CA 94102 | Office of the District Attorney<br>70 West Hedding Street<br>West Wing<br>San Jose, CA 95110 |
| Hon. Sharon Chatman<br>Superior Court of California<br>191 North First Street<br>San Jose, CA 95113 | Lori Quick<br>Sixth District Appellate Program<br>100 North Winchester Blvd.<br>Suite 310<br>Santa Clara, CA 95050 |

I, Jeremy D. Blank, declare under penalty of perjury under the laws of the

State of California that the foregoing is true and correct.  Executed on January 14,

2008, at San Francisco, California.

Jeremy D. Blank

21

Salinas Valley State Prison
Jeff Hobbs. F-48725
C-6-120L
P.O. Box 1050
Soledad, California
93960-1650

Clerk of the United State District Court
For The North District of California
450 Goldengate, P.O. Box 36060
San Francisco, California
94142    94102

RECEIVED
MAY 3 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Legal Mail !